UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BLOOM, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17cv2324-AJB (MSB)<br><br>**ORDER DENYING EX PARTE APPLICATION TO VACATE CLASS DISCOVERY AND CLASS CERTIFICATION DEADLINES CONTAINED IN THE THIRD AMENDED SCHEDULING ORDER PENDING DECISION ON PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT [ECF NO. 98]** |

On November 25, 2019, Plaintiffs submitted their "Ex Parte Application to Vacate Class Discovery and Class Certification Deadlines Contained in the Third Amended Scheduling Order Pending Decision on Plaintiff's Motion to File Second Amended Complaint." (ECF No. 98.) In their application, Plaintiffs note that their "Motion for Leave to File Second Amended Complaint" [ECF No. 93], which seeks to add causes of action to challenge the new Vehicle Habitation Ordinance ("New VHO"), is now pending before Judge Battaglia with a hearing date of February 13, 2020. (ECF No. 98 at 3.) Plaintiffs' counsel asserts that if discovery proceeds under the current schedule and Judge Battaglia later grants Plaintiffs' pending motion, Plaintiffs, who are all people with disabilities, will likely have to undergo the hardship of appearing twice for depositions.

1

(ECF No. 98-1 at 3-4.) Defendants' counsel indicated to Plaintiffs' counsel that Defendants oppose the instant request in light of Defendants' opposition to Plaintiffs' request to amend their complaint. (Id. at 4.) Defendants' counsel filed an opposition on December 3, 2019, arguing that Plaintiffs "have not shown good cause to justify vacating the current deadlines based on their proposed second amended complaint." (ECF No. 101 at 3.)

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and collecting cases). "If that party was not diligent, the inquiry should end." (Id.)

Plaintiffs have not demonstrated good cause for their request to vacate the class discovery and class certification deadlines. Plaintiffs' counsel points out that the San Diego City Council approved the New VHO on May 14, 2019. (ECF No. 98-1 at 3; see also ECF No. 101-1 at 2.) The New VHO had been approved for nearly four months on September 11, 2019, when the parties filed a joint motion asking the Court to set a class discovery deadline of November 22, 2019 and a class certification motion filing deadline of December 20, 2019. (See ECF No. 86 at 2.) The New VHO had been approved for over five months on October 22, 2019, when the parties filed a joint motion asking to continue the class discovery and class certification motion filing deadlines by thirty days to December 22, 2019 and January 20, 2020 respectively. (See ECF No. 91.) Neither of these motions referred to Plaintiffs' intention to amend the Complaint. It was not until November 18, 2019, over six months after the City Council approved the New VHO, that Plaintiffs filed their "Motion for Leave to File Second Amended Complaint." (See ECF No. 93.)

///

This timeline does not demonstrate Plaintiffs' diligence. While Plaintiffs' counsel explains that Plaintiffs have "vigilantly been pursuing their class discovery," noting that they served written discovery and a deposition notice on October 16, 2019, (ECF No. 98-1 at 3), she does little to demonstrate how Plaintiffs were diligent in seeking to amend their complaint to include causes of action challenging the New VHO. Counsel simply asserts first, that the parties were negotiating the case for several months and second, that Plaintiffs have acted diligently since returning to active litigation to prepare and file their Second Amended Complaint. (Id. at 3.) However, Plaintiffs' counsel does not explain when counsel began drafting the Second Amended Complaint or why it took over two months after the resumption of litigation to seek to file it. Further, it is unclear why Plaintiffs asked for the present schedule if they intended to file a new Complaint that would change the scope of class discovery. Having waited until just over one month prior to the date Plaintiffs requested for close of fact discovery to seek to file an amended complaint, Plaintiffs now ask this Court to vacate the scheduling order, to avoid the possibility that Plaintiffs may have to sit for two depositions in the event that Judge Battaglia permits Plaintiffs to file a new complaint. Plaintiffs' concern could well have been addressed by promptly filing their motion to file an amended complaint, or by considering the need to amend the complaint when requesting a scheduling order. Plaintiffs elected not to do that. Whether Plaintiffs may have to sit for additional depositions is speculative at this point, and in light of Plaintiffs' lack of diligence, does not justify vacating the scheduling order.

///
///
///
///
///
///
///

| 1 | For the foregoing reasons, Plaintiffs' motion is **DENIED**. Deadlines for class
| 2 | discovery cut-off and the filing of class certification motions remain as previously set.
| 3 | (See ECF No. 93.)
| 4 | **IT IS SO ORDERED.**
| 5 | Dated:  December 3, 2019

_____
Honorable Michael S. Berg
United States Magistrate Judge