UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BLOOM, STEPHEN CHATZKY, TONY DIAZ, VALERIE GRISCHY, PENNY HELMS, BENJAMIN HERNANDEZ, DOUG HIGGINS, SUZONNE KEITH, GERALD STARK, ANNA STARK, and DAVID WILSON, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>Defendant. | Case No.: 17-CV-2324-AJB-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, (Doc. No. 93); AND**<br><br>**(2) DENYING WITHOUT PREJUDICE AS MOOT PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, (Doc. No. 109).** |

Presently before the Court are: (1) Plaintiffs' motion for leave to file Second Amended Complaint ("SAC"), and (2) Plaintiffs' motion for class certification. (Doc. Nos. 93, 109.) Defendant City of San Diego ("the City") opposes both motions. For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion for leave to file a SAC and **DENIES WITHOUT PREJUDICE AS MOOT** Plaintiffs' motion for class certification.

I.  BACKGROUND

This case challenges the City of San Diego's ticketing and impoundment of vehicles used by homeless individuals as shelter. At the time of the filing of the First Amended

Complaint, the City had been issuing citations under two City ordinances: (1) its ordinance prohibiting RV parking from 2:00 a.m. to 6:00 a.m., San Diego Muni. Code § 86.0139(a) ("the nighttime RV parking ordinance"); and (2) its ordinance prohibiting vehicle habitation, San Diego Muni. Code § 86.0137(f) ("the Original VHO"). (First Amended Complaint ("FAC"), Doc. No. 14, ¶ 50, 52.) Plaintiffs alleged both ordinances violated the constitutional and statutory rights of San Diego residents with no other shelter options besides their vehicles, including persons with disabilities who, due to their disabilities, are unable to access housing. (*Id.* ¶ 64, 129.)

On August 26, 2018, Plaintiffs filed a motion for preliminary injunction to enjoin enforcement of both ordinances. (Doc. No. 26.) On August 21, 2018, the Court enjoined enforcement of the Original VHO, but denied Plaintiffs' motion for preliminary injunction as to "the nighttime RV parking ordinance." (Doc. No. 44.) As a result of the preliminary injunction, the San Diego City Council repealed the Original VHO on February 25, 2019. Then, on May 14, 2019, the San Diego City Council enacted a new vehicle habitation ordinance ("the New VHO")—which is not a part of the current lawsuit—in response to concerns about the public health and safety effects of the repeal. (Doc. No. 103.) The New VHO prohibits San Diego residents from parking their vehicles for habitation anywhere in the City between the hours of 9:00 p.m. and 6:00 a.m. except at a handful of designated lots, and from parking within 500 feet of any residence or school at any time. *See* San Diego Muni. Code § 86.0137(f). Violations of the New VHO may be charged as infractions or misdemeanors. If charged as a misdemeanor, violations carry a sentence of up to six months in jail and a $1,000 fine. *See* San Diego Muni. Code § 12.0201.

Plaintiffs alleges like they had before, that the New VHO is unconstitutionally vague and targets Plaintiffs and putative class members who reside in their vehicles due to having no other viable shelter options that meet their needs. (Doc. No. 93-1 at 6.) Plaintiffs seek to amend their complaint, to assert new claims of relief as to the New VHO.

## II. PROCEDURAL HISTORY

Plaintiffs initiated this action challenging the City's ticketing and impoundment of

vehicles used by homeless individuals on November 15, 2017. (Doc. No. 1.) Plaintiffs amended the original Complaint on February 14, 2018. (Doc. No. 14.) On June 8, 2018, the Court denied the City's motion to dismiss Plaintiffs' Americans with Disabilities Act and Rehabilitation Act claims. (Doc. No. 36.) On August 21, 2018, the Court granted in part and denied in part Plaintiffs' motion for preliminary injunction and enjoined the City from ticketing any vehicle or impounding any vehicle on the basis of violating the Original VHO. (Doc. No. 44.) On February 5, 2019, the San Diego City Council, in response to the preliminary injunction, voted unanimously to repeal the Original VHO. (Doc. No. 93-1 at 8.) However, the City enacted the New VHO on May 14, 2019, which amends San Diego Muni. Code § 86.0137(f) to restrict living in vehicles. (*Id.*)

On November 18, 2019, Plaintiffs filed the instant motion for leave to file a SAC. (Doc. No. 93.) On December 17, 2019, the City opposed, and on December 24, 2019, Plaintiffs replied. (Doc. Nos. 103, 107.) The deadline for class discovery was December 22, 2019, and Plaintiffs' motion for class certification, filed January 21, 2020, is currently pending before the Court. (Doc. Nos. 92, 109.) This order follows.

## III. LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). The Court is to apply this policy of granting leave with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone

3

is sufficient to justify the denial of a motion to amend. *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

## IV. DISCUSSION

Plaintiffs propose amending their complaint to address the impact of the New VHO on the same class and subclass of individuals impacted by the Original VHO and the nighttime RV parking ordinance. (Doc. No. 93-1 at 10.) The proposed amendments seek to add factual allegations to existing claims for relief to address the New VHO, in addition to entirely new causes of action. As addressed below, the Court concludes that leave to amend is appropriate.

### A. Bad Faith, Undue Delay, and Previous Amendments

First, although Plaintiffs have had a previous opportunity to amend, the Court finds no bad faith or undue delay in Plaintiffs' request. Plaintiffs could not have anticipated the need to amend their complaint to address the New VHO at the time they filed the existing operative complaint. The New VHO did not exist at that time and was enacted in response to the Court's preliminary injunction enjoining the enforcement of the Original VHO. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("[D]elay alone is not sufficient to justify the denial of a motion requesting leave to amend.").

### B. Prejudice

Second, the City has not met its burden of demonstrating prejudice. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining [Rule 15] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052 (emphasis in original).

Here, the proposed SAC presents no surprises factually or legally, and does not add significant evidentiary burdens. The City enacted the New VHO in response to the Court's

order enjoining enforcement of the Original VHO and therefore, the City knew that the New VHO could potentially impact the same group of Plaintiffs and putative class members impacted by the Original VHO. (Doc. No. 93-1 at 12.) Additionally, Plaintiffs point out that any evidentiary burden will be minimal because the City officials and departments involved with the New VHO largely overlap with those of the other ordinances at issue. (*Id.* at 13.) The ordinance was also recently enacted, so any discovery would not be unreasonably voluminous. (*Id.*) Thus, this factor weighs in favor of permitting amendment.

### C. Futility

Lastly, allowing amendment to add new claims, and new factual allegations to existing claims would not be futile. "While some courts liken the futility inquiry with that of a motion to dismiss," most recognize that denial of leave to amend on futility grounds is rare. *Defazio v. Hollister, Inc.*, No. Civ. 04–1358, 2008 WL 2825045, at *2 (E.D. Cal. July 21, 2008) (quoting *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). Ordinarily, courts will defer consideration of "challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Utterkar v. Ebix, Inc.*, No. 14-CV-02250-LHK, 2015 WL 5027986, at *3 (N.D. Cal. Aug. 25, 2015) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

First, many of Plaintiffs' proposed amendments relate to existing claims for relief, but only add new factual allegations relevant to the New VHO. (Doc. No. 93-1 at 14–16.) Plaintiffs points out the proposed factual allegations are similar to the to the prior claims regarding the Original VHO, which either have survived a motion to dismiss or which the Court has already determined provides an adequate basis to issue a preliminary injunction. (*Id.*) While it cannot be determined at this time whether the New VHO will meet a similar fate, there is certainly support that these amendments would not be futile.

In opposition, the City argues that Plaintiffs' proposed amendments are not ripe for judicial review because "none of the Named Plaintiffs have been cited under the New VHO" and Plaintiffs only seek to amend their complaint to challenge to how the New VHO

5

will "likely be enforced." (Doc. No. 103 at 11–12.) However, Plaintiffs allege that this is incorrect, and certain Named Plaintiffs have indeed experienced warnings and citations as a result of the New VHO. (Doc. No. 107 at 6–7.) Furthermore, the City's own documents indicate that the issue is ripe. Based on the City's documents, the San Diego Police Department has made 802 contacts under the New VHO, issued 675 warnings, issued 111 citations, and made 16 arrests. (*See* Flores Declaration, Doc. No. 103-14, Exhibit A.)

In addition to adding new factual allegations to existing causes of action, Plaintiffs also seek to add entirely new claims for violations of: (1) the Fourth Amendment and the California Constitution's right to be secure from unreasonable seizures, (2) the Fourteenth Amendment's right to procedural due process, (3) the Eighth and Fourteenth Amendments' rights to be free from excessive fines, and (4) the First and Fourteenth Amendments' right to association. (Doc. No. 93-1 at 16–17.)

The City asserts that Plaintiffs' proposal to add Fourth Amendment claims is futile because Plaintiffs will not be able to prove causation. But the Court will defer consideration of this "challenge[] to the merits" until after "the amended pleading is filed." *Utterkar*, 2015 WL 5027986, at *3. At this juncture, there is not enough for the Court to conclude that the amendment would be futile. The City additionally argues Plaintiffs' allegations regarding the Fourth Amendment are "new theories of recovery based on old facts, with no explanation of why Plaintiffs failed to raise these causes of action two years ago when the lawsuit was initiated." (Doc. No. 103 at 14–15.) To this point, the Court agrees, and Plaintiffs are reminded that leave to amend to add allegations relevant to the New VHO is **not** an invitation for Plaintiffs to bootstrap new allegations to claims that are only relevant to the Original VHO. The door has closed on Plaintiffs' opportunity to develop their theory of the case as to the Original VHO. *See Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982) (denying leave to amend where "amended complaint was brought only to assert new theories, if anything, and was not premised upon new facts.").

## V.  CONCLUSION

In sum, the Court does not find any indicia of bad faith, undue delay, prejudice, or

futility that would warrant denying Plaintiffs' request. Thus, the Court **GRANTS** Plaintiffs' motion for leave to file their SAC. Plaintiffs will have until **May 1, 2020** to file their amended complaint consistent with this Court's order. The Court additionally **VACATES** the hearing on Plaintiffs' motion for class certification and **DENIES WITHOUT PREJUDICE AS MOOT** Plaintiffs' motion for class certification. Plaintiffs may renew their motion for class certification after an opportunity for discovery on the New VHO.

**IT IS SO ORDERED.**

Dated: April 22, 2020

Hon. Anthony J. Battaglia
United States District Judge