UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BLOOM, STEPHEN CHATZKY, TONY DIAZ, VALERIE GRISCHY, PENNY HELMS, BENJAMIN HERNANDEZ, DOUG HIGGINS, SUZONNE KEITH, GERALD STARK, ANNA STARK, and DAVID WILSON, individually and on behalf of themselves and all others similarly situated,<br><br>                                 Plaintiffs,<br>v.<br>CITY OF SAN DIEGO,<br>                                 Defendant. | Case No.: 17-cv-2324-AJB (DEB)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

      Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **July 16, 2021**. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

      1.    A telephonic Status Conference will be held on **October 15, 2021** at **9:00 a.m.** before Magistrate Judge Daniel E. Butcher. Plaintiff's counsel must arrange for

counsel to call the Court's chambers on a shared line to participate.

2. The parties must disclose the identity of their respective experts in writing by **January 21, 2022**. The date for the disclosure of the identity of rebuttal experts must be on or before **February 18, 2022**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is not limited to retained experts.**

3. On or before **January 21, 2022**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(c) by **February 18, 2022**.

**5. Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

6. All fact discovery must be completed by all parties on or before **December 17, 2021**. All expert discovery must be completed by all parties on or before **March 18, 2022**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1.a. All

discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.  **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

7. A Mandatory Settlement Conference will be conducted on **January 12, 2022** at **9:00 a.m.** in the chambers of **Magistrate Judge Daniel E. Butcher**.  Counsel or any party representing himself or herself must submit confidential settlement briefs **directly** to the magistrate judge's chambers by **January 5, 2022**.  All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

8. All other dispositive motions, *including those addressing Daubert issues*, must be filed on or before **April 22, 2022**.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Battaglia.

9. Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **September 22, 2022**.

10. This order replaces the requirements under Civ. L. R. 16.1.f.6.c.  No Memoranda of Law or Contentions of Fact are to be filed.

11. The parties must meet and confer on or before **September 29, 2022** and prepare a proposed pretrial order in the form as set forth in Civ. L. R. 16.1.f.6.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.  The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

12. Objections to Pre-trial disclosures must be filed no later than **October 20, 2022**.

//

13. The Proposed Final Pretrial Conference Order as described above must be prepared, served and lodged with the assigned district judge on or before **October 13, 2022**.

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Anthony J. Battaglia** on **October 20, 2022** at **1:30 p.m**.

15. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Dates and times for hearings on motions must be approved by the Court's clerk before notice of hearing is served.

18. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district judge.  No reply memorandum will exceed ten (10) pages without leave of a district judge.  Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated:  July 16, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge