UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MICHAEL BLOOM, STEPHEN CHATZKY, TONY DIAZ, VALERIE GRISCHY, PENNY HELMS, BENJAMIN HERNANDEZ, DOUG HIGGINS, SUZONNE KEITH, GERALD STARK, ANNA STARK, and DAVID WILSON, individually and on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO,<br>　　　　　　　　　　　　Defendants. | Case No.: 3:17-cv-02324-AJB-MSB<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR SUBSTITUTION OF DECEASED PARTY AND REQUEST FOR APPOINTMENT OF SPECIAL ADMINISTRATOR OF ESTATE**<br><br>**(Doc. No. 185)** |

Before the Court is Plaintiffs' motion for substitution of deceased party, and for appointment of special administrator of estate. (Doc. No. 185.) No opposition has been filed. For the reasons stated herein, the Court **DENIES WITHOUT PREJUDICE** the motion, and hereby **VACATES** the currently scheduled September 9, 2021, hearing.

On June 3, 2021, Plaintiff Michael Bloom was found deceased in his vehicle. Plaintiffs seek substitution of the Estate of Michael Bloom into this matter in the place of Plaintiff Michael Bloom. Also, Plaintiffs request that William Bloom, Michael Bloom's brother, be appointed Special Administrator of the Estate under Federal Rule of Civil

1

Procedure 25(a)(1), for the limited purpose of pursuing Michael Bloom's claims for actual damages, restitution, and attorneys' fees. Plaintiffs explain they are not attempting to substitute William Bloom as a class representative in the matter.

## I. DISCUSSION

Rule 25(a)(1) provides, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party. *Id.* If Rule 25(a)(1) is met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

The capacity of a decedent's estate to litigate in federal court is designated by California law. *See* Fed. R. Civ. P. 17(b)(3). California law also identifies those individuals that can represent an estate in court. "A cause of action that survives the death of the person entitled to commence [it] . . . may be commenced by the decedent's personal representative, or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30. A "personal representative" is an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to [Probate Code] section 7660, or a person who performs substantially the same function of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a). An individual seeking to file an action as a decedent's successor in interest must attest to certain facts showing that the person is, in fact, entitled to maintain the action on behalf of the decedent's estate. *See* Cal. Civ. Proc. Code § 377.32; *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006).

The proposed "successor in interest" must execute and file an affidavit or declaration under penalty of perjury, which states: (1) the decedent's name; (2) the date and place of decedent's death; (3) that no proceedings are pending in California for the administration of the decedent's estate; (4) either that the declarant is the decedent's successor in interest

or is authorized to act on behalf of the decedent's successor in interest; and (5) that no other person has a superior right to commence the action or proceeding for the decedent. Cal. Civ. Proc. Code § 377.32(a). Moreover, the declarant must attach a certified copy of the death certificate, and if the decedent's estate was administered, the declarant must produce a copy of the final order showing distribution of the decedent's cause of action to the successor in interest. *Id.*

Based on William Bloom's declaration, the Court finds that Plaintiffs have not made the appropriate showing that William Bloom is the successor in interest or representative. William Bloom filed a declaration in support of the pending motion. He declares that he is the "brother of Michael Bloom" and "Michael passed away on June 3, 2021 in San Diego." (Declaration of William Bloom ¶ 3.) William Bloom provides that "Michael died without leaving a will. He is divorced and his only family consists of myself and his adult son, Matthew Bloom, who lives out of state." The declaration also sets forth that "[w]ith the consent of his son," William Bloom has "taken possession of these items and took care of Michael's final arrangements." (*Id.* ¶ 4.) William Bloom also attests that "[n]o proceeding is pending in California for administration of Michael's estate" and he has "spoken to [Michael's son] and he has no ability or interest in taking on any responsibility with regard to Michael's estate or this litigation." (*Id.* ¶¶ 5–6.)

However, Plaintiffs have not made an adequate showing that William Bloom is the decedent's successor in interest, or personal representative as deemed by a court of competent jurisdiction. Furthermore, Plaintiffs have not established that William Bloom has a superior right to commence the action or proceeding for the decedent. Here, the declaration demonstrates that there may be other individuals with superior rights to maintain the action, namely, Michael Bloom's son. Although the declaration provides that the son may not be interested in pursuing his father's claims, no showing has been proffered by Plaintiffs that William Bloom has been found by a court to have superior rights. Therefore, Plaintiffs' motion to substitute party must be **DENIED WITHOUT PREJUDICE** at this time.

3

      Plaintiffs also seek for the Court to appoint William Bloom as the special administrator of Michael Bloom's estate. (Doc. No. 185-1.) But Plaintiffs provide no authority showing that the Court is authorized to appoint a "special administrator" of an estate. The ability to appoint such a special administrator or executor is within the province of state court. Accordingly, this request is **DENIED WITHOUT PREJUDICE**, and may be renewed with the proper showing.

## II.   CONCLUSION

      Having considered Plaintiffs' motion for substitution and request for appointment of special administrator of estate, and the declarations filed in support, the Court **DENIES WITHOUT PREJUDICE** the motion to substitute and appoint special administrator. If Plaintiffs wish for William Bloom to be appointed as a special administrator, they must proceed in state court.

      **IT IS SO ORDERED.**

Dated: August 25, 2021

Hon. Anthony J. Battaglia
United States District Judge