Ann E. Menasche, SB #74774
ann@bulldogforjustice.com
LAW OFFICE OF ANN E. MENASCHE
1901 First Avenue, Suite 100
San Diego, CA 92101
Telephone: (619) 798-6835
Fax: (619) 702-7073
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BLOOM, STEPHEN CHATZKY, TONY DIAZ, VALERIE GRISCHY, PENNY HELMS, BENJAMIN HERNANDEZ, DOUG HIGGINS, SUZONNE KEITH, GERALD STARK, ANNA STARK, and DAVID WILSON, individually and on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO,<br>    Defendant.<br>_____ _____ | Case No. 3:i17-cv-02324-AJB-DEB<br><br>**MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT RE: SIGNS; REQUEST FOR ATTORNEYS' FEES** |

# MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT

Plaintiff(s), by and through their undersigned counsel, respectfully move this Court for an order enforcing the Settlement Agreement (Doc. No. 329-2) reached between the parties in this matter and instructing the Defendant(s) to remove or modify the signs currently posted in accordance with the intent and terms of the settlement. In support of this motion, Plaintiff(s) state as follows:

## STATEMENT OF FACTS

### A. Issue in Dispute

On October 10, 2024, the Court issued final approval of the parties' Settlement Agreement (Doc. No. 329-2), and jurisdiction to enforce the Agreement for three years was delegated to Magistrate Judge Butcher. Despite the terms of the Settlement Agreement, however, the City has refused to modify or remove both the VHO and OVO signs. Because the signs remain unchanged, they misstate and misalign with the terms of the Agreement and mislead class members about their rights under the Agreement. The City has refused to remove or modify the signage.

### B. Current Signage:

OVO signs, posted throughout the city, currently state in relevant part: *"NO PARKING ALL CITY STREETS OVERSIZED VEHICLES (EXCEEDING 27' LONG AND 7' HIGH) NON-MOTORIZED VEHICLES RECREATIONAL VEHICLES 2AM-6AM EXCEPT BY CITY PERMIT."* Chatsky Decl. Exh. A.

VHO signs observed posted throughout the area of Mission Bay where many class members park, currently state: *"HABITATION IN VEHICLE PROHIBITED FROM 9PM TO 6AM,"* while others read, *"HABITATION IN VEHICLE PROHIBITED AT ANY TIME."* Menasche Decl., Exhs. E to K.

### C. Efforts to Resolve the Issue

Plaintiffs, through counsel, have made extensive efforts to ensure the City's compliance with the Settlement Agreement by addressing the improper signage

*Bloom, et al. v. City of San Diego*, Case No. 3:17-CV-02324-AJB-DEB
**Motion for Enforcement of Settlement Agreement**

2

and ticketing practices. Plaintiffs participated with the City in multiple meetings over many months in an effort to resolve these issues without court intervention. Despite notice and good faith attempts to resolve these violations, the City has refused to take corrective action.

Section 11 of the Settlement Agreement states in part, "It is the intent of the Parties that any disputes concerning the interpretation or implementation of this Agreement be solved as swiftly and inexpensively as possible, initially through communication among counsel for the Parties, and, in the event such communication does not result in resolution, submission of the dispute for resolution by the Court." *Settlement Agreement* at 7, § 11, Doc. No. 329-2. It further states, "To the extent non-compliance is identified, the responding Party will have 45 days to cure the non-compliance (or identify a plan to cure any non-compliance). If the Parties are unable to resolve the Dispute within 45 days of the Notice of Dispute, the Party that served the Notice of Dispute may thereafter petition the Court through Judge Butcher for resolution of the Dispute, according to such procedures as the Court may direct." *Id*.

On October 30, 2024, Plaintiffs' counsel Ann Menasche and Scott Dreher met with Deputy City Attorney Jacqueline McQuarrie and formally notified her that current city signage prohibiting vehicle habitation was inconsistent with the terms of the Settlement Agreement. Meeting minutes confirm Plaintiffs' counsel raised concerns, specifically stating: "The signs that say, 'No Vehicle Habitation' are inconsistent with the Settlement Agreement, which expressly allows vehicle habitation in most circumstances." See Menasche Decl., Exh. A (Email to Jacqueline McQuarrie(Oct. 30, 2024, 11:57 AM.)

On November 4, 2024, Ms. Menasche and her law clerk met with a class member and toured the area of Mission Bay, taking photos of No Vehicle Habitation signs. Later that day, Ms. Menasche sent an email to Ms. McQuarrie

with copies of photos that were taken. Menasche Decl. Exh. B. On November 25, 2024, Plaintiffs' counsel submitted a formal proposal to the City to modify the language as an alternative to removing the signage. Ms. Menasche wrote: "Here is our proposed language for amending the VHO and OVO signs. 1. VHO signs now reads: 'Vehicle habitation is prohibited at all times', add except for people whose only shelter is their vehicles. 2. OVO sign [], add: 'Except for people whose only shelter is their vehicle and no spot in safe parking program is reasonably available. The other acceptable alternative is to take them down." Menasche Decl., Exh. C, (Email to Jacqueline McQuarrie, Nov. 25, 2024, 9:37 AM.

     At a meeting between Plaintiffs' Counsel and the City attorney's office on December 21, 2024, Plaintiffs reiterated their concerns and requested yet another response from the City regarding the signage modifications. However, the City refused to either amend or take down the signs. Meeting minutes confirm "The City does not agree to amend or remove the VHO and OVO signs as Plaintiffs requested." Menasche Decl. Exh. D, (Email to Jacqueline McQuarrie, Dec. 21, 2024, 2:32 PM)

     Plaintiffs have exhausted every reasonable avenue to bring the City into compliance with the Settlement Agreement. Despite multiple notices, meetings, and a formal proposal for modification, the City has refused to take corrective action. Plaintiffs have acted in good faith, complied with Section 11 of the Settlement Agreement, including giving 45 days to resolve the dispute, and have provided the City with every opportunity to rectify its non-compliance. Given the impasse, Plaintiffs now seek judicial enforcement of the Settlement Agreement to compel the City's compliance with its obligations by either removing or modifying the VHO and OVO signs.

///

///

## Intent of the Settlement Agreement

The primary intent of the Settlement Agreement between the parties is to decriminalize living in one's vehicle under the VHO, and to prevent the ticketing of oversized vehicles of class members for nighttime parking under the OVO when no reasonable parking options are available. This includes retroactive justice in the form of ticket forgiveness for parking violations related to the OVO and VHO which is in the process of being completed. These provisions enable class members to—lawfully—park their vehicles with narrow exceptions without the threat of receiving tickets under the OVO or being subjected to criminal citations or arrest under the VHO.

The intent of the Settlement Agreement is clearly demonstrated throughout its provisions. For example, Section 3 states, "The parties agree that the amended VHO training bulletin is intended to prevent VHO enforcement against Plaintiffs and class members who are sheltering in, resting in, sleeping in, or storing property in their vehicles, provided they are otherwise law-abiding and not committing any criminal law violations, *other than the VHO*." *Settlement Agreement* at 2, § 3. Further, Section 2 specifies, "… the City shall promptly forgive all unpaid OVO tickets for parking oversized vehicles between 2 a.m. and 6 a.m. and for violations of signage related to VHO or OVO requirements during nighttime hours received by class members…" *Settlement Agreement* at 1, § 2.

An additional intent of the settlement is shown through the limitations placed in OVO enforcement while the City expands its Safe Parking Program. The agreement states, "The City's intent is to provide safe parking during nighttime hours that OVO and VHO would be enforced." *Settlement Agreement* at 3, § 1 (Oct. 10, 2024). Enforcement of the OVO is subject to specific limitations to protect individuals who use their vehicles as their primary shelter. The Settlement states, "… If there is no safe parking available … the city will not enforce the

nighttime provisions of the OVO and VHO at that time." *Settlement Agreement* at 3, § 2. Legal nighttime parking is considered unavailable when the City's designated Safe Parking Lots are full, closed, or when no spot is reasonably available to the individual, taking into account factors such as the type of vehicle, distance to the lot, and whether there is adequate space for the vehicle. A critical aspect of the settlement is the requirement for the City to provide daily updates on the availability of spaces in these Safe Parking Lots. However, as of now, the City has not yet established the necessary website to disseminate this information. Consequently, without a reliable method for individuals to verify the availability of legal parking options, the enforcement of the OVO is effectively suspended until the City fulfills its obligations under the Settlement Agreement.

Even with a functioning website, right now there are no spaces available for class members with oversized vehicles. The one Safe Lot open to oversized vehicles located at Mission Valley is at capacity. The new Safe Lot that is supposed to open, the H-Barracks, is tied up in litigation.

The intent of these provisions is unambiguous: to decriminalize living in one's vehicle under the VHO, prohibiting OVO ticketing when no reasonable parking options are available, and establishing additional lawful parking locations for class members. The goal is to ensure that class members can lawfully park in the City without the threat of ticketing or arrest.

However, this intent is frustrated by Defendant(s) because the signs posted throughout the city do not reflect the terms of the Settlement Agreement. As a result, class members are actively misled as to their legal right to park their oversized vehicles at night or to use their vehicle for shelter and not be subjected to criminal persecution, undermining the purpose of the Settlement. Moreover, tickets under the nighttime provisions of the OVO have continued to be issued after the settlement was approved on October 10, 2024, further signaling to class members

that they are not permitted to park their RV or camper at night, contrary to the terms of the Settlement.[1]

### **Good Faith Performance and Implied Obligations**

In addition to the express terms of the Settlement Agreement, the doctrine of good faith and fair dealing requires that the parties perform their obligations in good faith. This duty includes the removal or modification of city signs that contradict the Agreement's intent.

As the California Supreme Court explained, "In every contract, there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement." *Brown v. Superior Court*, 34 Cal. 2d 559, 212 P.2d 878 (1949). Furthermore, the law holds that "[A]ll things that in law or usage are considered as incidental to a contract, or as necessary to carry it into effect, are implied therefrom, unless some of them are expressly mentioned therein, when all other things of the same class are deemed to be excluded." Cal. Civ. Code § 1656 (West 2024).

Defendant(s)' failure to modify or remove the signs, prohibiting vehicle habitation and nighttime oversized vehicle parking despite the Settlement Agreement's clear intent to severely limit the enforcement of the VHO and OVO, breaches the implied duty of good faith. The purpose of the Settlement was to allow otherwise law-abiding class members to live in their vehicles without risking citation or arrest under the VHO and to park oversized vehicles at night as long as no reasonable options for parking are available without the threat of ticketing under the OVO. The unaltered signs, which mislead class members and the public and continue to cause confusion, directly undermine that objective.

---

[1] The City has conceded that these OVO tickets were issued by mistake. Plaintiffs understand that these tickets will not be processed and/or will be automatically forgiven, though Plaintiffs have not yet received confirmation that this has occurred.

*Bloom, et al. v. City of San Diego*, Case No. 3:17-CV-02324-AJB-DEB                                                 7
**Motion for Enforcement of Settlement Agreement**

By failing to act in a manner consistent with the purpose of the Agreement, Defendant(s) are frustrating the Agreement's very intent—ensuring that class members can park and live in their vehicles legally and without fear of enforcement of the VHO and OVO ordinances. This failure to correct the signage is a breach of the implied obligation to act in good faith, as it prevents class members from fully enjoying the benefits of the Settlement. Therefore, the City must take immediate corrective action to ensure the signs reflect the true intent of the Agreement and stop misleading the public.

### Relief Requested

Plaintiff(s) respectfully request that this Court enforce the Settlement Agreement by ordering Defendant(s) to immediately modify or remove the signs that are inconsistent with the terms of the Settlement Agreement.

### Attorney's Fees

Plaintiff(s) request an award of attorney's fees associated with the enforcement of the Settlement Agreement. Pursuant to provision 10 of the Settlement Agreement, Plaintiff(s) believe that the funds allocated for enforcement should be used to cover these fees and costs. In the alternative, Plaintiff(s) request that the Court order Defendant(s) to reimburse Plaintiff(s) for the fees incurred in bringing this motion.

### Conclusion

For the reasons set forth above, including the failure of Defendant(s) to act in good faith and to perform under the Settlement Agreement, Plaintiff(s) respectfully request that this Court enter an order enforcing the terms of the

///

///

///

///

*Bloom, et al. v. City of San Diego*, Case No. 3:17-CV-02324-AJB-DEB   8
**Motion for Enforcement of Settlement Agreement**

Settlement Agreement and mandating that Defendant(s) modify or remove the signs in question.

March 4, 2025

Respectfully submitted,

*/s/ Ann E. Menasche*

Law Office of Ann E. Menasche