HEATHER FERBERT, City Attorney
M. TRAVIS PHELPS, Assistant City Attorney
MICHELLE T. NEFF, Deputy City Attorney
California State Bar No. 250850
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:   (619) 533-5856

Attorneys for Defendant, CITY OF SAN DIEGO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BLOOM, STEPHEN CHATZKY, TONY DIAZ, VALERIE GRISCHY, PENNY HELMS, BENJAMIN HERNANDEZ, DOUG HIGGINS, SUZONNE KEITH, GERALD STARK, ANNA STARK and DAVID WILSON, individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF SAN DIEGO,<br><br>    Defendants. | Case No.  17cv2324 AJB DEB<br><br>**CITY OF SAN DIEGO'S REQUEST FOR ATTORNEY'S FEES AND OPPOSITION TO MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT RE: SIGNS; REQUEST FOR ATTORNEYS' FEES**<br><br>Judge:  Hon. Anthony J. Battaglia<br>Court Room:  4A<br>Magistrate Judge Daniel E. Butcher<br>Court Room:  2b |

Defendant CITY OF SAN DIEGO ("City") submits the following Request for Attorney's Fees and Opposition to Motion for Enforcement of Settlement Agreement Re: Signs: Request for Attorney's Fees.

**I.**

**INTRODUCTION**

This is a case involving involuntary homeless persons residing in their vehicles in San Diego where a class was certified under their commonality of claims against the City for its homeless policies that allegedly violated the Eighth Amendment's Cruel and Unusual Punishment Clause under the U.S. Constitution.

1  The District Court denied class certification to a disability sub-class. The parties
2  entered into a settlement agreement after extensive negotiations. The settlement
3  agreement, however, was executed before the United States Supreme Court decided
4  a similar case titled *City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202
5  (2024), where the Supreme Court found in favor of the municipality and held that
6  the Eighth Amendment's Cruel and Unusual Punishment Clause cannot be used to
7  "dictate this Nation's homeless policy." *Id.* at 2226.

8      The Supreme Court in *Grants Pass* evaluated and anticipated the complexity
9  of having a civil lawsuit dictate a municipality's ability to govern. *Id.* The
10 settlement agreement in this case also was unable to anticipate the complexity of
11 homelessness and has been unable to resolve the homelessness crisis in the City of
12 San Diego. Now there are more oversized vehicle encampments in City parks that
13 are preventing the public from enjoying the City's parks during the day. (See
14 Declaration of Michelle Neff ¶ 2).

15     Plaintiffs conduct in creating encampments in the City's parks was not
16 anticipated nor was their current attempt to have the Court to rule they are entitled
17 to additional relief from the City beyond what was negotiated in the settlement
18 agreement. As such, the City opposes Plaintiffs' Motion for Enforcement of
19 Settlement Agreement Re: Signs; Request for Attorneys' fess. The City asks the
20 Court to consider the illegality of the settlement agreement under *Grants Pass* and
21 general principles of California contract law and deny Plaintiffs' motion.

22 **II.**
23 **ARGUMENT**
24 **A. The City did not breach the settlement because the parties did not**
25 **bargain for, and there is no mutual assent to, a requirement that the City**
26 **remove or modify any of its parking signs.**
27 / / /
28

Plaintiffs claim the City is in breach of the settlement agreement because the City did not specifically perform the following:

1. *The City of San Diego shall either remove the signs referencing VHO or OVO enforcement wherever they are placed throughout the city, or else modify them to read as follows (additional language in italics):*
   a. *VHO signs: Vehicle habitation is prohibited at all times except for people whose only shelter is their vehicles.*
   b. *OVO sign provision prohibiting parking anywhere between 2:00 and 6:00 a.m. add, except for people whose only shelter is their vehicles and no spot in safe parking program is reasonably available.*
2. *That no new signs be erected by the City regarding VHO and OVO enforcement or prohibitions by the City that are inconsistent with the above or that are otherwise inconsistent with the enforcement limitations in the Settlement Agreement.*

The settlement agreement in this case has no such written agreement. Plaintiffs argue that this agreement is implied under *Brown v. Superior Court*, 34 Cal. 2d 559, 562-563 (19490). *Brown* is a case involving a motion to compel deposition testimony concerning a mutual will with an implied provision that it was irrevocable. *Id.* *Brown* is also a case concerning real property, which is generally considered an equitable claim (stemming from the Courts of Equity) where equity and specific performance generally apply. *Id.* at 564. This settlement agreement does not involve unique real estate or a will. The *Brown* case does, however, shed light on how interrelated an implied agreement must be to become enforceable. In *Brown,* if the implied agreement not to revoke the any of the mutual wills was not enforced and one was revoked, the unrevoked will has no mutual assent and is invalid.

/ / /

1     In this case, there are parking signs throughout the City that prohibit overnight parking, which can be used and enforced by the City under the settlement agreement. Plaintiffs argue that the settlement agreement was intended to allow class members to reside in their vehicles anywhere at any time in the City, which is not accurate. The City agreed that "[t]he VHO shall not be enforced based on the 9:00 pm. to 6:00 a.m. restriction **when legal parking options**, including safe lots…are not available." The City has the right to progressively enforce the OVO and VHO against persons residing in their vehicles during the day in City parks and at night if there is other street parking or safe lots available in the City. The parties also expressly agreed that the City would only maintain one safe parking lot as a 24-hour RV lot, which is in Mission Valley, but the class members are turning City parks into 24-hour RV lots under a misuse, and possibly a breach, of this settlement agreement. (Neff Decl. ¶ 2).

    The City did not agree to remove or modify any parking signs in this settlement agreement. Particularly, when the signs are lawful when there is available parking elsewhere in the City. Through their motion to enforce, Plaintiffs are seeking to further frustrate the City's ability to govern and respond to citizen complaints.

    Finally, even if it is determined that the parking signs prohibiting overnight parking confuse the Plaintiffs, the settlement agreement duration is limited to three years and the settlement agreement is noticed on the City's website. See (https://www.sandiego.gov/homelessness-strategies-and-solutions/about/legal-settlements). As such, an order requiring the City to remove and/or replace parking signs would require allocating taxpayer money, with City Council approval, to fund a temporary solution that is not necessary.

**B. The equitable remedy of specific enforcement is not available to Plaintiffs as damages for a breach of contract against the City.**

/ / /

The settlement agreement is not a contract that can be enforced by an award of specific performance by the City in favor of Plaintiffs. *Weddington Productions, Inc. v. Flick*, 60 Cal. App. 4th 793, 811-812 (1998); *Rautenberg v. Westland,* 227 Cal. App. 2d 566 (1964); and California Civil Code section 3386. Second 3386, titled: Mutuality of remedy, states:

> Notwithstanding that the agreed counterperformance is not or would not have been specifically enforceable, specific performance may be compelled if:
> (a) Specific performance would otherwise be an appropriate remedy; and
> (b) The agreed counterperformance has been substantially performed or its concurrent or future performance is assured or, if the court deems necessary, can be secured to the satisfaction of the court. California Civil Code § 3386.

The Appellate Court in *Rautenberg v. Westland,* 227 Cal. App. 2d 566 (1964) applied California Code § 3386 to an agreement where the parties agreed to specifically perform services. *Rautenberg* involved a stock purchase agreement with "express terms that the main purpose of the parties thereto was to secure the personal services of both plaintiff and Westland for each other and for the corporation." *Id.* at 572. The agreement in *Rautenberg*, like the settlement agreement in this case, obligated "the individual parties to perform acts requiring an exercise of personal judgment and a degree of cooperation in making the several enterprises successful…" *Id.* The Appellate Court held that to compel specific performance of a contract, the terms of the agreement concerning performance of services must be definite and certain. *Id.* at 573.

"A contract is not specifically enforceable unless the terms are 'sufficiently certain to make the precise act which is to be done clearly ascertainable.'" *Weddington Productions, Inc. v. Flick*, 60 Cal. App. 4th 793, 811-812 (1998) quoting Williston on Contracts (4th ed. 1990, Lord) § 4:18, p. 418-420. In *Weddington* the parties agreed to form a licensing agreement, but did not, and the

Court refused to make the parties specifically perform their obligations to enter into a licensing agreement because the acts to be done were not precise.

In this case, Plaintiffs are asking the Court to force the City to provide a service that was not agreed to in writing; there are no terms that are sufficiently certain to make the precise act which is to be done clearly ascertainable.

Additionally, California Civil Code § 3386, requires partial performance before a party can seek specific performance of a contract. *Id.* The City did not remove or replace any parking signs after the settlement agreement was executed in this case. Accordingly, Plaintiffs cannot compel the City to remove or replace parking signs as written in their proposed judgment and no where else.

The City has provided significant monetary relief to Plaintiffs, which included millions of dollars in attorneys' fees. The City should not be forced to contribute additional money and services that are not intended to help homeless individuals get housing and pay more attorneys' fees because Plaintiffs brought this groundless motion.

**C. The Court should award the City's Deputy City attorney her reasonable attorney's fees, not the attorney for the Plaintiffs.**

The parties agreed to pay reasonable attorneys' fees in connection with dispute resolution to Plaintiffs if they are the prevailing party. The City contends even if they are granted some relief, Plaintiffs are not the prevailing party. This motion to enforce is groundless and it took a considerable amount of City time to oppose. As such the City is asking this Court to award $6,500 in reasonable attorney's fees to the City. (Neff Decl. ¶ 3).

/ / /

/ / /

/ / /

/ / /

/ / /

## II.

## CONCLUSION

For the reasons stated above, Defendant CITY OF SAN DIEGO asks the Court to deny Plaintiffs' Motion for Enforcement of Settlement Agreement Re: Signs: Request for Attorney's Fees and to award Defendant CITY OF SAN DIEGO its reasonable attorney's fees.

Dated:  March 24, 2025  HEATHER FERBERT City Attorney

By  */s/ Michelle Neff*
    Michelle Neff
    Lead Deputy City Attorney

Attorney for Defendant City of San Diego