UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BLOOM, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>              Defendant. | Case No.: 17-cv-2324-AJB-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT ENFORCEMENT**<br><br>**[DKT. NO. 352]** |

## I. INTRODUCTION

Plaintiffs have filed a Motion for Enforcement of Settlement Agreement Re: Signs. Dkt. No. 352 ("Motion"). Plaintiffs' Motion alleges the City of San Diego is in breach of the parties' Settlement Agreement by failing to remove signs prohibiting vehicle habitation and oversized vehicle nighttime parking. For the reasons discussed below, the Court DENIES Plaintiffs' Motion.[1]

## II. BACKGROUND

Plaintiffs are a certified class of "[a]ll persons in the City of San Diego who . . . use or will use an RV or other vehicle as their only form of shelter at any time after November 15, 2017." Dkt. 180 at 5. In the lawsuit that led to the Settlement Agreement at

---

[1] The Court retained jurisdiction over the Settlement Agreement for three years, with enforcement delegated to the undersigned. Dkt. No. 347.

issue here, Plaintiffs alleged the City's Vehicle Habitation Ordinance (S.D. Mun. Code § 86.0137(f)) ("VHO") and Oversized Vehicle Ordinance (S.D. Mun. Code § 86.0139(a)) ("OVO") violate Plaintiffs' constitutional rights and federal and state laws. Dkt. No. 137 at 42–64.[2] The City denied Plaintiffs' claims. Dkt. No. 142.

The parties resolved Plaintiffs' claims in a negotiated Settlement Agreement (Dkt. No. 333), which the Court approved on October 15, 2024. Dkt. No. 346 at 2. In the Settlement Agreement, the City agreed to:

1. Forgive past tickets and fines;

2. Expand the City's Safe Parking Program at a financial commitment of up to $850,000;

3. Upgrade and extend hours for the Mission Valley RV lot at a financial commitment of up to $900,000;

4. Not enforce the VHO and OVO against class members when safe parking lots are full, closed, or not reasonably available; and

5. Amend the training bulletin that guides officers' enforcement of the VHO.

---

[2] The complaint alleges violations of the following laws: Substantive Due Process—Void for Vagueness (Fourteenth Amendment; 42 U.S.C. § 1983); Right to Be Secure from Unreasonable Seizures (Fourth Amendment; 42 U.S.C. § 1983); Right To Procedural Due Process of Law (Fourteenth Amendment; 42 U.S.C. § 1983); Cruel and Unusual Punishment (Eighth and Fourteenth Amendments; 42 U.S.C. § 1983); Right to Be Free From Excessive Fines (Eighth and Fourteenth Amendments; 42 U.S.C. § 1983); Substantive Due Process—State Created Danger (Fourteenth Amendment; 42 U.S.C. § 1983); Infringement on the Fundamental Right to Travel—Equal Protection (Fourteenth Amendment; 42 U.S.C. § 1983); Right to Association (First Amendment; Fourteenth Amendment; 42 U.S.C. § 1983); California Constitution—Rights to Due Process, Equal Protection, Freedom from Unreasonable Seizure of Property, and Freedom from Excessive Fines (California Constitution Article I, § 7; Article I, § 13; Article I, § 17); Violation of Bane Act (California Civil Code § 52.1); Americans with Disabilities Act (42 U.S.C. § 12132) (On Behalf of Disability Subclass Members); and § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).

Dkt. No. 346 at 3–5; Dkt. No. 329-2 at 2–17. The Settlement Agreement contains an integration clause, where Plaintiffs and the City agreed "[n]o other representations, covenants, undertakings or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or to bind any of the Parties." Dkt. No. 329-2 at 9–10.

### III. ANALYSIS

Plaintiffs allege the City has violated the Settlement Agreement by failing to remove signs that prohibit vehicle habitation and nighttime oversized vehicle parking in areas where class members frequently park.[3] As discussed above, however, the City agreed in the Settlement Agreement to take certain actions and refrain from others. Removing signs was not among them.

The City's maintenance of signs prohibiting vehicle habitation and nighttime RV parking does not "misstate and misalign with the terms of the [Settlement] Agreement and mislead class members about their rights under the Agreement[,]" as Plaintiffs allege. Dkt. No. 352 at 2. The Settlement Agreement does not invalidate either the VHO or OVO. Both ordinances remain in effect and apply to non-class members under all circumstances (i.e., those who do not use an "RV or other vehicle as their only form of shelter"). The signs, therefore, provide notice to non-class members. The VHO and OVO also apply to class members subject to the enforcement restrictions contained in the Settlement Agreement.

For this same reason, the City's failure to remove signs does not violate the implied covenant of good faith and fair dealing, which "exists merely to provide one contracting party from unfairly frustrating the other party's right to receive the *benefits of the*

---

[3] Plaintiffs represent the VHO signs state, "HABITATION IN VEHICLE PROHIBITED FROM 9PM TO 6AM" AND "HABITATION IN VEHICLE PROHIBITED AT ALL TIMES." Dkt. No. 352-1 at 9–15. Plaintiffs represent the OVO signs state, "NO PARKING ALL CITY STREETS; OVERSIZED VEHICLES (EXCEEDING 27' LONG AND 7' HIGH); NON-MOTORIZED VEHICLES; RECREATIONAL VEHICLES; 2AM-6AM EXCEPT BY CITY PERMIT." Dkt. No. 352-2 at 3.

*agreement actually made.*" *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (2000). In the Settlement Agreement, Plaintiffs bargained for and obtained, among other benefits, the City's agreement to: (1) forgive previously issued tickets and fines; (2) not enforce the VHO and OVO against class members unless certain conditions are present; (3) expand the operating hours of and make capital improvements to the Mission Valley RV safe lot; and (4) endeavor to create additional safe parking lots. Dkt. No. 329-2. Plaintiffs make no claim they are not receiving these benefits. Instead, Plaintiffs seek to impose an additional substantive duty on the City (i.e., sign removal) that the City did not agree to in the Settlement Agreement. The implied covenant of good faith and fair dealing, however, "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz*, 24 Cal. 4th at 349–50.

In sum, the City's failure to remove VHO and OVO signage violates neither the terms of the Settlement Agreement nor the implied covenant of good faith and fair dealing. The Court, therefore, denies Plaintiff's Motion.

### IV.   ATTORNEYS' FEES

The Settlement Agreement states, "[r]easonable attorneys' fees and costs shall be awarded for work done in connection with dispute resolution pursuant to the standards set forth in *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n,* 434 U.S. 412, 422 (1978)." Dkt. No. 329-2 at 8.

*Christiansburg Garment* articulated the following standard for awarding fees to a prevailing defendant:

> a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

434 U.S. at 422.

Although the Court finds Plaintiffs' Motion misconstrues the Settlement Agreement, it is not so meritless that it is "frivolous, unreasonable, or groundless." *See United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003) ("A frivolous case is one

that is groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant.").

The Court, therefore, denies the City's request for attorneys' fees.

## V.     CONCLUSION

The Court **DENIES** Plaintiffs' motion for enforcement of the Settlement Agreement regarding signage (Dkt. No. 352) and **DENIES** the City's request for attorneys' fees.

**IT IS SO ORDERED.**

Dated: April 25, 2025

_____
Daniel E. Butcher
United States Magistrate Judge